UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

INSTITUTE FOR ENERGY RESEARCH,

     Plaintiff,

     v.

FEDERAL ENERGY REGULATORY
COMMISSION,

     Defendant.

Civil Action No. 22-cv-3420 (BAH)

## DEFENDANT'S STATEMENT OF FACTS TO WHICH THERE IS NO GENUINE DISPUTE

Pursuant to Local Civil Rule 7(h), Defendant, the Federal Energy Regulatory Commission ("FERC"), hereby submits this statement of material facts as to which there is no genuine dispute in support of its motion for summary judgment in this Freedom of Information Act ("FOIA") case.

## I.    Plaintiff's FOIA Requests

1.    Plaintiff submitted a FOIA request ("First Request") to FERC dated June 13, 2022. Declaration of Carolyn Templeton ("FERC Decl.") ¶ 7.

2.    The aforesaid FOIA request sought copies of all calendars: "(1) kept by FERC Commissioner and Chairman Richard Glick, for the period April 19, 2022 through June 10, 2022; (2) kept for FERC Commissioner and Chairman Richard Glick, by his Chief of Staff Pamela Quinlan, for the period April 19, 2022 through June 10, 2022; (3) kept by Commissioner Allison Clements, for the period April 19, 2022 through June 10, 2022; and (4) kept for FERC

Commissioner Allison Clements, by her assistant Alexander de Taboada, for the period April 19, 2022 through June 10, 2022."[1] *Id.*

3.      On June 13, 2022, the Office of External Affairs ("OEA") of the Federal Energy Regulatory Commission ("FERC") sent Plaintiff an e-mail acknowledging receipt of the aforesaid FOIA request and containing the tracking number, FY22-57. *Id.* ¶ 8.

4.      Subsequently, Plaintiff submitted a FOIA request ("Second Request") dated June 14, 2022. *Id.* ¶ 15.

5.      Plaintiff's Second Request sought copies "of all bills for or covering mobile phones/devices issued to the following individuals for the stated periods or other records reflecting inbound and outbound calls made and received: FERC Commissioner and Chairman Richard Glick, for or covering the period November 8, 2020 through June 14, 2022; FERC Commissioner Allison Clements, for or covering the period December 8, 2020 through June 14, 2022; Sarah Venuto, of FERC's Office of External Affairs, for or covering the period April 1, 2021 through June 14, 2022; and Elin Katz, Director of FERC's Office of Public Participation, for or covering the period October 1, 2021 through June 14, 2022." *Id.*

6.      On June 14, 2022, OEA sent Plaintiff an e-mail acknowledging receipt of the aforesaid FOIA request and containing the tracking number, FY22-58. *Id.* ¶ 16.

II.      **Adequacy of FERC's Search**

7.      "FERC employs three full-time employees that work to process FOIA requests and generally follows a 'first-in, first-out' policy when responding to FOIA requests. General and Administrative Law in the Office of General Counsel (OGC) assists in the processing of FOIA

---

[1] Hereinafter, the former FERC Commissioner and Chairman Richard Glick will be referred to as "Chairman Glick," and FERC Commissioner Allison Clements will be referred to as "Commissioner Clements."

requests by reviewing the requests and assessing the legal basis for application of exemptions to responsive records" *Id.* ¶ 4.

8.      Upon receipt of Plaintiff's First Request, FERC used IT experts to conduct the search for calendars from the specified individuals. *Id*. ¶ 9. These IT experts went through FERC's filing system to produce the Microsoft Outlook calendars for the individuals named in the FOIA request. *Id*.

9.      FERC "confirmed that only one official calendar is kept for former Chairman Glick and one for Commissioner Clements," which information was specifically corroborated by Chairman Glick and Commissioner Clements' respective staff members. *Id.* ¶ 5.

10.      In a letter dated July 28, 2022, OEA Director Sarah Venuto (hereinafter, "Director Venuto") released the aforesaid Microsoft Outlook calendars for Chairman Glick and Commissioner Clements to Plaintiff, with redactions pursuant to FOIA Exemptions 5 and 6.   *Id.* ¶ 11.

11.      Upon receipt of Plaintiff's Second Request, the FERC's Office of the Chief Information Officer ("CIO") and the Contracting Officer Representative ("COR") of the Verizon Wireless Account was tasked with conducting a search for responsive records. *Id.* ¶ 25.

12.      "The CIO maintains a monthly record of the cellular phone invoices for official agency cell phones. Their process for responding to FOIA requests involves seven steps: "(a) Identify the individuals that are named in the FOIA request; (b) Determine if the individuals have FERC issued cellular phones; (c) Identify the time periods required for the records on the FOIA request; (d) Pull the required records based on required dates from the FERC network; (e) If record is missing, request record from Verizon; (f) Pull each detailed phone record for each named

individual for the time period required; and (g) Send files to CIO FOIA contact for distribution." *Id.*

13.     During CIO and COR's search for responsive records, it was determined that only three of the four individuals mentioned in Plaintiff's Second Request – namely, Chairman Glick, Commissioner Clements, and Director Venuto – ever possessed phones issued by FERC. *Id.* ¶ 24.

14.     On July 28, 2022, OEA Deputy Director Benjamin Williams sent a letter to Plaintiff, informing Plaintiff that an initial search for records had identified a substantial number of potentially responsive records and enclosed three responsive documents with redactions pursuant to FOIA Exemption 6. *Id.* ¶ 17.

15.     On November 8, 2022, additional responsive records to Plaintiff's Second Request were delivered with Plaintiff, with redactions pursuant to FOIA Exemption 6. *Id.* ¶ 19.

16.     "On March 1, 2023, it was discovered by FERC staff in preparation of the *Vaughn* Index for this matter that Enclosure 3 to the November 8, 2022 final production was inadvertently omitted, and a duplicate of another enclosure attached in its place. That final enclosure, containing call logs for [Director] Venuto, was delivered to Plaintiff by email on March 7, 2023." *Id.* ¶ 21.

17.     All locations likely to yield records responsive to Plaintiff's First and Second Requests were searched by FERC. *Id.* ¶ 27.

## III.     <u>WITHHOLDINGS</u>

### A.     **Exemption 5**

18.     Pursuant to FOIA Exemption 5, FERC withheld information pursuant to the deliberative process privilege.  *Id.* ¶ 31.

19.     Pursuant to FOIA Exemption 5's deliberative process privilege, FERC withheld information regarding the timing and subject matters of meetings pertaining to policy proposals –

including policy proposals that were never adopted – and involving the preliminary discussions prior to the resolution of matters brought before FERC.  *Id.* ¶¶ 31-32, 34.

**B.      Exemption 6**

20.      Pursuant to FOIA Exemption 6, FERC withheld "personal information (such as childrens' piano recitals, gym appointments, days children have off school, goodbye parties for coworkers, and weddings), passcodes, the contact information of private citizens, and the names of lower-level staff." *Id.* ¶ 37.

21.      Pursuant to FOIA Exemption 6, FERC withheld "[p]ersonal cellular phone numbers, Commission staff's direct phone numbers, and individual account numbers […]". *Id.* ¶ 38.

**IV.      SEGREGABILITY**

22.      FERC carefully reviewed the responsive records on a line-by-line and page-by-page basis to identify reasonably segregable, non-exempt information to ensure that all such information was released.  *Id*. ¶ 41.

23.      FERC determined that all information withheld either was exempt from disclosure pursuant to a FOIA exemption or was so intertwined with protected material that segregation was not possible without revealing the underlying protected material.  *Id*. ¶ 42.

24.      FERC produced all the segregable, non-exempt information in the requested records, including the factual material that was presented in these records.  *Id.*

Dated:  March 31, 2023
          Washington, DC

                                        Respectfully submitted,

                                        MATTHEW M. GRAVES, D.C. Bar #481052
                                        United States Attorney

                                        BRIAN P. HUDAK
                                        Chief, Civil Division


                                        By:          */s/ Fithawi Berhane*
                                             FITHAWI BERHANE
                                        Assistant United States Attorneys
                                        601 D Street, NW
                                        Washington, DC 20530
                                        (202) 252-6653
                                        Fithawi.Berhane@usdoj.gov


                                        *Counsel for the United States of America*