**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| INSTITUTE FOR ENERGY RESEARCH, | |
| Plaintiff, | |
| v. | Civil Action No. 22-3420 (BAH) |
| | Judge Beryl A. Howell |
| FEDERAL ENERGY REGULATORY COMMISSION, | |
| Defendant. | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Plaintiff Institute for Energy Research brought this action to challenge the response of defendant Federal Energy Regulatory Commission ("FERC") to two requests submitted pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for calendars kept by or for two FERC commissioners ("Calendar FOIA Request"), and phone bills reflecting inbound and outbound calls made and received by four FERC officials ("Phone Bill FOIA Request"). *See* Compl. ¶¶ 11, 21, ECF No. 1. In March 2023, defendant moved for summary judgment, which motion was granted in part and denied in part. Specifically, defendant's motion was granted "with respect to the adequacy of its search and its Exemption 5 redactions, as well as all Exemption 6 redactions, except as to the name of the lobbyist who had lunch with Chairman Glick at 12:30 p.m. on May 5, 2022," which name defendant had "concede[d]" "should definitely not have [been] withheld," in a comment bubble in Exhibit A, a document that defendant represented was the most recent production made to plaintiff and that was filed in connection with its reply. *Inst. for Energy Rsch. v. Fed. Energy Reg. Comm'n*, No. 22-cv-3420, 2024 WL 551651, at *1 (D.D.C. Feb. 12, 2024) (quoting Def.'s Errata Concerning Reply Mem.

1

Supp. Summ. J., Ex. A, at 14, ECF No. 23-1).  On February 12, 2024, defendant was ordered to

disclose to plaintiff the name of this lobbyist (the "Order").  *See* Order at 2, ECF No. 26.

Two days later, defendant moved to alter the judgment, explaining that this name had

actually been released prior to the Order.  *See* Def.'s Mot. to Alter J., ECF No. 28.  In support,

defendant quoted from the Second Templeton Declaration, filed in connection with defendant's

reply, which declaration stated:

> In review of the withholdings made in this matter, it was discovered that two
> withholdings under Exemption 6 were personal lunches with persons having
> professional interests in Commission policy.  Those lunches were of personal
> nature, but due to the public interest in knowing who meets with the members of
> the Commission, those names are now being released.  Specifically, *on May 5,
> 2022, Former Chairman Glick had lunch with Elissa Levin*, and on April 22, 2022,
> Commissioner Clements had lunch with Julia Prochnik.

*Id.* at 2 (quoting Second Decl. of Carolyn Templeton ("2d Templeton Decl.") ¶ 8, ECF No. 22-1)

(emphasis added).  In response to a minute order, seeking clarification as to "why a (b)(6)

redaction remain[ed] in Chairman Glick's calendar at 12:30 PM on May 5, 2022," in Exhibit A,

and "whether Elissa Levin is the name beneath this (b)(6) redaction," Min. Order (Feb. 14,

2024), defendant explained that the redaction remained "due to an oversight by FERC" and

confirmed that "the name beneath the subject (b)(6) redaction is Elissa Levin," Status Rep. at 1,

ECF No. 30.

While accepting defendant's explanation that it disclosed, in the Second Templeton

Declaration, the name of the lobbyist prior to the Order and that the (b)(6) redaction at issue in

Exhibit A was "an oversight," defendant's motion to alter the judgment was nonetheless denied

because defendant identified no "intervening change of controlling law, the availability of new

evidence, or the need to correct a clear error or prevent manifest injustice," and defendant's

motion for summary judgment was resolved "based on the records that *defendant* represented

were the most recent production made to plaintiff." Min. Order (Feb. 26, 2024) (citations omitted).

In light of the Order, requiring defendant to disclose the name of this lobbyist, as well as releases made by defendant while this action was pending, *see Inst. for Energy Rsch.*, 2024 WL 551651, at *1–3, plaintiff has now moved, pursuant to 5 U.S.C. § 552(a)(4)(E)(i), for $23,848.80 in attorneys' fees and $402 in costs, *see* Pl.'s Mot. for Att'ys Fees ("Pl.'s Mot."), ECF No. 32; Def.'s Opp'n Pl.'s Mot. for Att'ys Fees ("Def.'s Opp'n"), ECF No. 33; Pl.'s Reply Supp. Mot. for Att'ys Fees ("Pl.'s Reply"), ECF No. 34.[1]  For the reasons set forth below, plaintiff's motion is denied.

## I.    DISCUSSION

Under FOIA, a "court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case . . . in which the complainant has substantially prevailed."  5 U.S.C. § 552(a)(4)(E)(i); *see Morley v. Cent. Intel. Agency*, 894 F.3d 389, 391 (D.C. Cir. 2018) ("[T]he FOIA attorney's fees statute provides that the district court 'may' award fees to a prevailing plaintiff—and not 'must' or 'shall' award fees.").  This fee provision was enacted for a modest purpose: "to remove the incentive for administrative resistance to disclosure requests based not on the merits of exemption claims, but on the knowledge that many FOIA plaintiffs do not have the financial resources or economic incentives to pursue their requests through expensive litigation," and not "to provide a reward for any litigant who successfully forces the government to disclose information it wished to withhold." *Davy v. Cent. Intel. Agency*, 550 F.3d 1155, 1158 (D.C. Cir. 2008) (citation omitted).

---

[1]    Since plaintiff's motion is not consistently enumerated, references to the motion reflect the pagination generated automatically by the Court's Case Management/Electronic Case Filing ("CM/ECF") system.

The question whether fees should be awarded consists of two prongs: fee eligibility and fee entitlement. *Brayton v. Off. of U.S. Trade Rep.*, 641 F.3d 521, 524 (D.C. Cir. 2011). If both are established, a plaintiff must then show the reasonableness of its fee request. *See Covington v. District of Columbia*, 57 F.3d 1101, 1107 (D.C. Cir. 1995); *Blum v. Stenson*, 465 U.S. 886, 902 n.19 (1984). Here, plaintiff cannot establish fee eligibility or fee entitlement, and thus the question of the reasonableness of plaintiff's fee request need not be decided.

### A.      Fee Eligibility

To establish eligibility for fees, a plaintiff must show that it "substantially prevailed" in the underlying FOIA action by gaining relief from either: "(I) a judicial order, or an enforceable written agreement or consent decree; or (II) a voluntary or unilateral change in position by the agency, if the complainant's claim is not insubstantial." 5 U.S.C. § 552(a)(4)(E)(ii). Whether faced with claims that a plaintiff substantially prevailed through a judicial order or the so-called catalyst theory, "[t]he question of whether a litigant substantially prevailed is one of fact." *Weisberg v. Dep't of Just.*, 848 F.2d 1265, 1268 (D.C. Cir. 1988), *overruled on other grounds by King v. Palmer*, 950 F.2d 771 (D.C. Cir. 1991). Plaintiff argues that it is eligible for fees under either theory, which are addressed *seriatim*.

### 1.      *Judicial Order*

The first prong, under which a plaintiff who "obtain[s] relief through . . . a judicial order" may establish that it has "substantially prevailed," 5 U.S.C. § 552(a)(4)(E)(ii), applies to cases in which there is a "judicially sanctioned change in the legal relationship of the parties," *Davy v. Cent. Intel. Agency*, 456 F.3d 162, 166 (D.C. Cir. 2006) (citation omitted). "[A] FOIA requester can still 'substantially prevail' even when it obtains less-than-full relief." *Elec. Priv. Info. Ctr. v. Dep't of Homeland Sec.*, 999 F. Supp. 2d 61, 67 (D.D.C. 2013) (citing *Jud. Watch, Inc. v. Dep't*

*of Com.*, 470 F.3d 363, 371 (D.C. Cir. 2006)).  "Generally, 'plaintiffs may be considered prevailing parties for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing the suit." *Edmonds v. Fed. Bureau Investigation*, 417 F.3d 1319, 1326 (D.C. Cir. 2005) (quoting *Farrar v. Hobby*, 506 U.S. 103, 109 (1992)).

Although the Order, granting in part and denying in part defendant's motion for summary judgment, is undisputedly a "judicial order," the Order, due to the procedural quirks of this case, did not change "the legal relationship of the parties." *Davy*, 456 F.3d at 166.  The Order denied defendant's motion only with respect to "the name of the lobbyist who met with [FERC] Commissioner and Chairman Richard Glick at 12:30 p.m. on May 5, 2022," based on the (b)(6) redaction at that time and date in Exhibit A, which defendant represented was the most recent production made to plaintiff, and the accompanying comment "should definitely not have [been] withheld."  Order at 1–2.  Defendant's motion was otherwise granted, including with respect to the adequacy of its search, its Exemption 5 redactions, and all other Exemption 6 redactions.  *Id.* at 1.

As defendant later explained, the name of the lobbyist was released to plaintiff prior to the Order.  Although defendant inadvertently left the name of the lobbyist redacted in Exhibit A, the Second Templeton Declaration indicated that "on May 5, 2022, Former Chairman Glick had lunch with Elissa Levin," 2d Templeton Decl. ¶ 8, and defendant later confirmed that Elissa Levin is the name beneath the (b)(6) redaction in Chairman Glick's calendar at 12:30 p.m. on May 5, 2022, Status Rep. at 1.  In short, the Order did not change "the legal relationship between the parties" because it did not order disclosure of information not previously disclosed.  *See Davy*, 456 F.3d at 166 (explaining that "a voluntary change in the defendant's conduct" is not a

"judicially sanctioned change in the legal relationship of the parties"); *cf. Elec. Priv. Info. Ctr. v. Dep't of Homeland Sec.*, 218 F. Supp. 3d 27, 40 (D.D.C. 2016) (explaining that plaintiff "did not substantially prevail" under the judicial order theory when "no additional documents were produced").

To the extent plaintiff relies on the denial of defendant's motion to amend, such reliance is unavailing.  "Federal Rule of Civil Procedure 59(e) provides a limited exception to the rule that judgments are to remain final."  *Leidos, Inc. v. Hellenic Rep.*, 881 F.3d 213, 217 (D.C. Cir. 2018).  "Under Rule 59(e), the court may grant a motion to amend or alter a judgment under three circumstances only: (1) if there is an 'intervening change of controlling law'; (2) if new evidence becomes available; or (3) if the judgment should be amended in order to 'correct a clear error or prevent manifest injustice.'"  *Id.* (quoting *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996)).  "Although the court has considerable discretion in ruling on a Rule 59(e) motion, the reconsideration or amendment of a judgment is nonetheless an extraordinary measure."  *Id.*  Set against this legal backdrop, the Court denied defendant's motion to amend, explaining that defendant's motion for summary judgment was resolved "based on the records that *defendant* represented were the most recent production made to plaintiff."  Min. Order (Feb. 26, 2024).  In so concluding, defendant's representation that, "due to an oversight," it "left redacted information that it intended to disclose" and that it "did disclose" this information was accepted.  Status Rep. at 1; *see also* Min. Order (Feb. 26, 2024).[2]

In sum, plaintiff did not "succeed on a[] significant issue in litigation," *Edmonds*, 417 F.3d at 1326–27 (quoting *Farrar*, 506 U.S. at 109), because the Order "neither required [defendant] to continue searching for records nor provided [plaintiff] the relief it sought, *i.e.*, the

---

[2]      Plaintiff mischaracterizes the record by arguing that defendant filed this motion because "it did not want" to "unredact[]" this name.  Pl.'s Reply at 2.

production of additional responsive records," *Elec. Priv. Info. Ctr. v. Drug Enf. Admin.*, 266 F.

Supp. 3d 162, 168 (D.D.C. 2017), *abrogated on other grounds by DL v. District of Columbia*,

924 F.3d 585 (D.C. Cir. 2019); *cf. Conservation Force v. Jewell*, 160 F. Supp. 3d 194, 206

(D.D.C 2016) ('[T]he FOIA statute does not make a plaintiff eligible for attorneys' fees if it

prevails on *any* dispute within a case, however small."); *Nat'l Sec. Couns. v. Cent. Intel. Agency*,

960 F. Supp. 2d 101, 146 (D.D.C. 2013) ("[I]t is totally implausible that a requester seeking

already disclosed records would ever substantially prevail in a FOIA lawsuit." (citation

omitted)).  Accordingly, plaintiff did not "prevail[]," much less "substantially prevail[],"

5 U.S.C. § 552(a)(4)(E)(ii), and is thus not eligible for fees.

### 2.   *Catalyst Theory*

Under the second prong, also known as the "catalyst theory," "a plaintiff can prove fee

eligibility by showing that its lawsuit 'substantially caused the government to release the

requested documents before final judgment.'"  *Grand Canyon Tr. v. Bernhardt*, 947 F.3d 94, 96

(D.C. Cir. 2020) (quoting *Brayton*, 641 F.3d at 524–25); *Buckhannon Bd. & Care Home, Inc. v.

W. Va. Dep't of Health & Hum. Res.*, 532 U.S. 598, 610 (2001) (explaining that the test under

this "catalyst theory" is "whether the lawsuit was a substantial . . . cause of the defendant's

change in conduct").  "[T]he mere filing of the complaint and the subsequent release of the

documents is insufficient to establish causation."  *Grand Canyon Tr.*, 947 F.3d at 97 (citation

omitted); *Cox v. Dep't of Just.*, 601 F.2d 1, 6 (D.C. Cir. 1979) ("[A]n allegedly prevailing

complainant must assert something more than [p]ost hoc, ergo propter hoc."), *abrogated on other

grounds by Benavides v. Bureau of Prisons*, 993 F.2d 257 (D.C. Cir. 1993).  Rather, a plaintiff

must show that "that it is more probable than not that the government would not have performed

the desired act absent the lawsuit." *Grand Canyon Tr.*, 947 F.3d at 97 (citation omitted).  "A

FOIA case must be viewed in its totality in determining whether a plaintiff has 'substantially prevailed.'" *Mobley v. Dep't of Homeland Sec.*, 908 F. Supp. 2d 42, 48 (D.D.C. 2012).

Plaintiff contends that defendant "'voluntarily' changed its position with respect to an entire document (and not merely a redaction or partial withholding) in the days before it filed its Motion for Summary Judgment." Pl.'s Mot. at 4.  In particular, on September 7, 2022—five days before plaintiff filed this lawsuit—defendant informed plaintiff that "a second and final production" of records responsive to the Phone Bill FOIA Request would be made, and on November 8, 2022, the records were delivered to plaintiff.  Def.'s Mot. Summ. J., Decl. of Carolyn Templeton ("Templeton Decl.") ¶¶ 19–20, ECF No. 19-3.  On March 1, 2023, defendant discovered, while preparing the *Vaughn* Index in support of its motion for summary judgment, that "Enclosure 3 to the November 8, 2022 final production," "containing call logs for Sarah Venuto," was "inadvertently omitted, and a duplicate of another enclosure attached in its place." *Id.* ¶ 21.  Defendant promptly provided Venuto's call logs to plaintiff on March 7, 2023.  *Id.*

Without more, this incident is insufficient to establish that plaintiff has substantially prevailed. To be sure, defendant only realized a mistaken omission of records when preparing its motion for summary judgment, *see* Pl.'s Reply at 2, but plaintiff offers no evidence suggesting that defendant would not have released these records absent this litigation—much less that "it is more probable than not" that defendant would not have released these records, *Grand Canyon Tr.*, 947 F.3d at 97 (citation omitted); *see also Burka v. U.S. Dep't of Health & Hum. Servs.*, 142 F.3d 1286, 1288 (D.C. Cir. 1988) (explaining that party claiming fees "must first establish eligibility by showing that the lawsuit was reasonably necessary and the litigation substantially caused the requested records to be released").  Plaintiff does not contend, for example, that it noticed that Venuto's call logs had been omitted from the November 8, 2022 production, that it

followed up with defendant about Venuto's call logs, or that defendant refused to provide them. *See* Joint Status Rep. at 2, ECF No. 14 (explaining, in status report signed by both parties, that defendant produced, on November 8, 2022 "mobile records for Clements and Venuto"); Joint Status Rep. at 2, ECF No. 15 (same).  Rather, defendant, upon its own review of the production and without plaintiff's prompting, realized it "inadvertently omitted" this record and promptly produced it to plaintiff.  Put differently, that defendant made a mistake, discovered the mistake, then promptly corrected the mistake, without plaintiff's prompting, does not establish that "the lawsuit substantially caused the agency to release the requested records" or thus that "plaintiff[] [is] eligible for a fee award."  *Davis v. Dep't of Just.*, 610 F.3d 750, 752 (D.C. Cir. 2010).

Plaintiff also argues generally that "prior releases of documents in 'installments' came only after this litigation had begun, which illustrates that FERC would likely have remained entirely out of compliance with its FOIA obligations had Plaintiff not elected to file this suit." Pl.'s Mot. at 4.[3]  Plaintiff grossly mischaracterizes the factual record.  As explained in more detail in the Court's prior opinion, defendant, prior to the filing of this action, (1) produced, in response to plaintiff's Calendar FOIA Request, two calendars, with redactions to both pursuant to FOIA Exemptions 5 and 6, and affirmed that "no other calendars exist"; and (2) made a first production to plaintiff of three records responsive to plaintiff's Phone Bill FOIA Request and informed plaintiff that a second and final production would be made.  *See Inst. for Energy Rsch.*, 2024 WL 551651, at *1–3; *see also* Templeton Decl. ¶¶ 19–21.  To be sure, the second and final production responsive to plaintiff's Phone Bill FOIA Request was not made until two months after this action was filed.  This fact alone, however, is insufficient to establish that it is more

---

[3]        Plaintiff does not argue that but for this lawsuit, defendant would not have disclosed material in forty places throughout the calendars while the summary judgment motion was pending.  *See* Pl.'s Mot. at 4 (arguing only that "[p]laintiff obtained two vital documents only by forcing their release through this litigation"); *Inst. for Energy Rsch.*, 2024 WL 551651, at *3.

probable than not that defendant would not have released these records absent litigation, where defendant, prior to this action, had already made multiple productions and told plaintiff that "a second and final production" of records responsive to the Phone Bill FOIA Request would be coming, *see* Templeton Decl. ¶¶ 19–20, and plaintiff's argument that defendant's search for records was inadequate was rejected by this Court, *see Inst. for Energy Rsch.*, 2024 WL 551651, at \*4–6; *see also Hensley v. Eckerhart*, 461 U.S. 24, 436 (1983) ("[T]he most critical factor is the degree of success obtained.").

Even if defendant's productions made after the filing of this action were significant, this fact, standing alone, is insufficient to establish that plaintiff has substantially prevailed because plaintiff offers no "hard evidence," "beyond temporal proximity," to "support[] the inference that plaintiff's lawsuit caused the document [to be] release[d]." *Jewell*, 160 F. Supp. 3d at 206 ("[W]hile it is true that Defendants released some documents after [plaintiff] filed the complaint as a purely chronological matter, it is also clear beyond cavil that the catalyst method requires more."). The "natural inference" is that defendant "was simply responding to [plaintiff's] request," albeit at a slower pace than plaintiff might have wanted. *Pyramid Lake Paiute Tribe of Indians v. Dep't of Just.*, 750 F.2d 117, 120 (D.C. Cir. 1984); *see also Church of Scientology of Cal. v. Harris*, 653 F.2d 584, 588 (D.C. Cir. 1981) (explaining that if "an unavoidable delay accompanied by due diligence in the administrative processes was the actual reason for the agency's failure to respond to a request, then it cannot be said that the complainant substantially prevailed in his suit" (citation omitted)); *Calypso Cargo Ltd. v. U.S. Coast Guard*, 850 F. Supp. 2d 1, 5–6 (D.D.C. 2011) (concluding that plaintiff did not substantially prevail when "delay in [defendant's] release was not due to intransigence, but rather was the result of a diligent ongoing

process that began before the initiation of the instant lawsuit").  Accordingly, plaintiff cannot be said to have "substantially prevailed" in its suit.

### B.      Fee Eligibility

Even if plaintiff were eligible for attorneys' fees, plaintiff would not be "entitled" to recovery given the circumstances of this case.  *Brayton*, 641 F.3d at 525–26.  A four-factor test guides courts in determining fee entitlement and "looks to (1) the public benefit derived from the case; (2) the commercial benefit to the plaintiff; (3) the nature of the plaintiff's interest in the records; and (4) the reasonableness of the agency's withholding of the requested documents." *Kwoka v. Internal Revenue Serv.*, 989 F.3d 1958, 1063 (D.C. Cir. 2021) (citation omitted).  "'No one factor is dispositive,' except that 'the court will not assess fees when the agency has demonstrated that it had a lawful right to withhold disclosure.'"  *Id.* at 1064 (quoting *Davy*, 550 F.3d at 1159).  A district court has broad discretion in determining fee entitlement, especially when considering the reasonableness of the agency's withholding, *see id.* at 1066 (explaining that district courts are entitled a "double dose of deference" and that "[t]he question for [the Court of Appeals] is whether the District Court reasonably (even if incorrectly) concluded that the agency reasonably (even if incorrectly) withheld documents" (citation omitted)), and when balancing the four factors, *see Morley*, 894 F.3d at 391 ("[W]hen the four factors point in different directions, the district court has very broad discretion in deciding how to balance those factors.").

At the outset, by granting in part defendant's motion for summary judgment, the Court has already concluded that "the agency has demonstrated that it had a lawful right to withhold disclosure" as to every record, except the name of the lobbyist.  As to the claims on which summary judgment has been granted to defendant, "the [C]ourt will not assess fees."  *Davy*, 550

F.3d at 1159; *see also Brayton*, 641 F.3d at 526 (explaining that fees are "barred" when the government "satisf[ies] the summary judgment standard").

As to the name of the lobbyist, the agency did not, in fact, withhold disclosure of this name and thus plaintiff did not "prevail[]" as to this name for the reasons explained above.  Even if plaintiff had, however, a weighing of the four factors demonstrates that plaintiff is not entitled to fees.  "[T]he first three factors assist a court in distinguishing between requesters who seek documents for public informational purposes and those who seek documents for private advantage." *Davy*, 550 F.3d at 1160.[4]  They thus favor plaintiff, a non-profit organization that "aim[s] to ferret out and make public worthwhile, previously unknown government information."  *Id.*  The fourth factor, however, cuts decidedly in favor of defendant, which was not "recalcitrant in its opposition to a valid claim or otherwise engaged in obdurate behavior." *Kwoka*, 989 F.3d at 1065 (citation omitted); *see also Inst. for Energy Rsch.*, 2024 WL 551651, at *10; 2d Templeton Decl. ¶ 8.  Upon balancing the four factors, plaintiff, even were it eligible for fees, would thus not be entitled to fees.  "[A]n award of attorneys fees" here is not "necessary to implement the FOIA" and the cost of litigating this, or a similar case, would not "dissuade those who have been denied information from invoking their right to judicial review." *Davy*, 550 F.3d at 1158 (citation omitted); *Brayton*, 641 F.3d at 526 (explaining that "[i]f the government cannot carry [its] burden [on summary judgment], substantially prevailing FOIA plaintiff may receive fee awards as long as his claim was 'not insubstantial'").

---

[4]     The parties briefing on the first factor focuses on the records received by plaintiff, *see* Pl.'s Mot. at 4–5; Def.'s Opp'n at 6, and is unhelpful because "the public-benefit factor requires an *ex ante* assessment of the potential public value of the information requested, with little or no regard to whether any document supplied prove to advance to public interest," *Morley v. Cent. Intel. Agency*, 810 F.3d 841, 844 (D.C. Cir. 2016) (citation omitted).

## II.      CONCLUSION AND ORDER

For the foregoing reasons, it is hereby:

**ORDERED** that plaintiff's Motion for Attorneys' Fees, ECF No. 32, is **DENIED.**

**SO ORDERED**

Date:  May 22, 2024

_____
**BERYL A. HOWELL**
United States District Judge